UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID BURDEN,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:22-cv-00917 (JAM)

**ORDER DENYING MOTION FOR POST-CONVICTION
RELIEF PURSUANT TO 28 U.S.C. § 2255**

David Burden pleaded guilty and was sentenced to prison on a charge of unlawful possession of a firearm by a person who has previously been convicted of a felony offense. He has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, contending that his conviction was invalid because there was no evidence that he knew that he had previously been convicted of a felony offense. For the reasons set forth below, I will deny Burden's motion.

**BACKGROUND**

On September 30, 2020, the police arrested Burden after they saw him fire three gunshots on a street in Bridgeport, Connecticut.[1] This arrest led to a federal grand jury indictment charging Burden with unlawful possession of a firearm by a person who has previously been convicted of a felony offense. *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] The indictment alleged seven different felony crimes for which Burden was convicted between 2000 and 2019.[3]

On April 21, 2021, Burden appeared before the Court to enter a plea of guilty to the felon-in-possession charge.[4] At the outset of the hearing I asked Burden if he had read the indictment, if he had met with his attorney to discuss the case, and if he felt that he had had

---

[1] Doc. #22 at 8 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).
[2] Doc. #1 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).
[3] *Ibid.*
[4] Doc. #16 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).

1

enough time to meet with his attorney about the case.[5] He told me "Yes" to each of these questions.

I then asked if he had any concerns about whether his attorney had provided him with good assistance in this case. He answered "No" to this question.

I also reviewed with Burden each one of the elements of the felon-in-possession charge that were set forth in writing on the first page of the plea agreement:

1. Prior to September 30, 2020, the defendant had been convicted of and knew that he was convicted of a crime punishable by imprisonment for a term exceeding one year;
2. On September 30, 2020, the defendant knowingly possessed the firearm described in Count One of the Indictment; and
3. Prior to September 30, 2020, the firearm and ammunition described in Count One of the Indictment had traveled in interstate and foreign commerce.[6]

When reviewing the first of these elements I explained to Burden the requirement for the prosecution to prove that when he possessed the firearm he was then aware that he had previously been convicted of a type of crime that was punishable by more than one year in prison.

As part of the plea agreement, the parties entered into a written stipulation of offense conduct that I also reviewed with Burden.[7] Burden admitted in that stipulation that on September 30, 2020, he fired a Smith & Wesson firearm three times on a street in Bridgeport, Connecticut, and also that "[o]n September 30, 2020, Mr. Burden knew that he had previously been convicted of a felony narcotics crime and a felony crime of violence and was in fact on probation."[8]

In addition, I reviewed with Burden a provision of the plea agreement that waives Burden's right to raise a future challenge to the validity of his conviction:

---

[5] Although the parties have not ordered a formal transcript of the guilty plea hearing, I recall the hearing and in describing the hearing below have relied on my detailed notes of what occurred at the hearing.
[6] Doc. #18 at 1 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).
[7] *Id.* at 10 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).
[8] *Ibid.*

2

> [T]he defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceeding before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.[9]

In calling Burden's attention to this provision of the plea agreement, I explained to him the general rule that a defendant who pleads guilty may not later claim they are not guilty or that the criminal statute of conviction is unconstitutional or that what they did does not fit within the scope of what the statute makes a crime. I told Burden that if he chose to enter a plea of guilty, then he would be giving up the right in the future to make these kinds of arguments that challenge the legal basis for his conviction.

Near the conclusion of the guilty plea hearing, Burden signed the plea agreement. He certified next to his signature that he had read the plea agreement, that he had had ample time to discuss it with counsel, and that he fully understood and accepted its terms.[10] In addition, earlier during the guilty plea hearing, Burden answered "Yes" when I asked him if he had read every page and every word of the plea agreement, and he also assured me that he had talked about the plea agreement with his counsel.

At the conclusion of the guilty plea hearing, I made findings accepting Burden's plea of guilty. Among other findings, I concluded that Burden knew the elements of the nature of the felon-in-possession charge to which he was pleading guilty.

Prior to sentencing, the probation office prepared a pre-sentence report that described Burden's prior criminal history.[11] The presentence report stated that Burden had "spent a total of

---

[9] *Id.* at 6 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).
[10] Doc. #18 at 9 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).
[11] Doc. #20 at 8-16 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).

approximately 12 years incarcerated, with the longest period being 10 years and 6 months for his 2003 federal sentence."[12] I took judicial notice that Burden was convicted in the District of Connecticut in 2003 for multiple federal felony offenses and ultimately sentenced by amended judgment to multiple more-than-one-year terms of imprisonment resulting in a total effective term of 144 months of imprisonment.[13]

Burden did not file any objections to the criminal history provisions of the presentence report.[14] I sentenced Burden principally to a term of five years of imprisonment.[15]

Burden did not appeal his conviction or sentence. Instead, on July 21, 2022, Burden filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 and a subsequent amended motion.[16]

## DISCUSSION

Burden seeks relief under 28 U.S.C. § 2255, which allows a federal prisoner to seek post-conviction relief on the ground that he has been convicted or sentenced in violation of the Constitution or federal law. *See United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018). The prisoner bears the burden of showing facts or law establishing that the conviction or sentence was unlawful. *See Whitaker v. Meachum*, 123 F.3d 714, 716 (2d Cir. 1997). Absent a plausible showing that facts exist which would warrant a grant of relief, a court is not required to conduct an evidentiary hearing on a motion for post-conviction relief under 28 U.S.C. § 2255, especially to the extent that the motion is before the judge who presided over the underlying proceedings. *See Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. 2011).

---

[12] *Id.* at 16 (¶ 52) to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).
[13] Doc. #2115 to *USA v. David Burden*, 3:00cr263-JCH-17 (D. Conn.) ("The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for 144 months on each of Counts 1, 2 & 12, and 120 months on each of Counts 9 & 10, all to run concurrently.").
[14] Doc. #20-2 at 1 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).
[15] Doc. #25 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).
[16] Docs. #1, #6.

Burden seeks relief under the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019). In *Rehaif*, the Supreme Court ruled that the felon-in-possession statute—18 U.S.C. § 922(g)(1)—requires the prosecution to prove not only that a defendant knowingly possessed a firearm but also that he knew at the time of his possession that he had previously been convicted of a felony offense. *Id.* at 227.

Burden argues that his conviction was invalid because the government failed to prove what *Rehaif* requires: that he knew he was previously convicted of a felony offense. Relatedly, he claims that his counsel was ineffective by failing to advise him of *Rehaif*'s knowledge requirement. I address Burden's *Rehaif*-based challenge to the validity of his conviction before addressing his claim of ineffective assistance of counsel.

### *Validity of conviction*

To the extent that Burden argues that his conviction is invalid for failure to establish his knowledge of his prior felony status, Burden knowingly and voluntary waived his right to bring this type of challenge to the validity of his conviction by means of a § 2255 motion for post-conviction relief. As detailed above, Burden expressly waived his right to challenge the legal validity of his conviction by means of any argument that his own conduct did not fall within the scope of what the felon-in-possession statute makes criminal. *See United States v. Balde*, 943 F.3d 73, 90 (2d Cir. 2019) (explaining how "*Rehaif*'s knowledge requirement" "details what *conduct* violates" the statute and does not "affect[] the jurisdiction of the court to adjudicate the case").

The terms of the waiver appear clearly in the plea agreement, and I reviewed this provision with him to ensure that he understood and accepted it before entering his plea of guilty. Burden does not point to any reason why the waiver is not enforceable against him. *See Roselien*

*v. United States*, 2024 WL 4341361, at *2 (2d Cir. 2024) (enforcing plea agreement waiver of defendant's right to file a § 2255 motion where the record showed that the district court reviewed the waiver provision with the defendant at the guilty plea hearing).

Even if Burden had not waived his right to seek post-conviction relief, Burden has failed to show that there was any error at all under *Rehaif*. As detailed above, both the plea agreement and my colloquy with Burden during the course of the plea hearing ensured that Burden understood that one of the elements of his crime was his knowledge that he had previously been convicted of a felony offense.

And the undisputed record shows that Burden had not only been previously convicted of a crime punishable by more than one year in prison but also that he was actually sentenced in 2003 to far more than one year of imprisonment. Thus, despite Burden's claim that he did not know of his felony status at the time he possessed the firearm, the record conclusively establishes the contrary: that Burden was advised of the knowledge-of-felony-status requirement and also that he admitted he had previously been convicted of a felony offense.

### *Ineffective assistance of counsel*

A defendant's claim of ineffective assistance is governed by the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance: that counsel's conduct "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 687–88. Second, a defendant must show that this deficient performance prejudiced his defense in a manner that deprived him of a fair trial. *Id.* at 687.

Burden complains that his counsel did not advise him of the requirement for the prosecution to prove that he knew that he had been previously convicted of a felony offense. But

even if that is true, Burden cannot show any prejudice, because at the guilty plea hearing I reviewed the knowledge requirement with him as set forth in writing in the plea agreement. Moreover, Burden agreed to the plea agreement's stipulation of offense conduct, which stated in part that "[o]n September 30, 2020, Mr. Burden knew that he had previously been convicted of a felony narcotics crime and a felony crime of violence and was in fact on probation."[17]

Accordingly, to the extent that Burden complains that his counsel was ineffective because he did not advise him of *Rehaif*'s requirement that he have known of his prior felony conviction, any such omission by defense counsel did not cause prejudice. *See Garcia v. United States*, 2022 WL 2065038, at *4 (E.D.N.Y. 2022) (denying § 2255 motion where defendant admitted during plea colloquy that he knew he had been previously convicted of felony). Therefore, Burden has failed to show ineffective assistance of counsel.

## CONCLUSION

For the reasons set forth above, the Court DENIES the motion of David Burden for post-conviction relief pursuant to 28 U.S.C. § 2255 (Doc. #1). Because Burden has not alleged plausible grounds for relief, no evidentiary hearing is required. Nor shall any certificate of appealability enter, because Burden has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Clerk shall enter judgment in favor of the United States and close this case.

It is so ordered.

Dated at New Haven this 9th day of December 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[17] Doc. #18 at 10 to *USA v. Burden*, No. 3:20cr00258 (D. Conn.).